[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11523
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-00445-JBT

BRANDY FORSYTH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2013)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Brandy Forsyth appeals the magistrate judge's order affirming the Social

Security Administration's denial of her applications for disability insurance benefits and supplemental security income.[1]  On appeal, Forsyth argues that the Administrative Law Judge ("ALJ") improperly afforded greater weight to the opinion of a nonexamining doctor than to her treating physicians, and erroneously found her not disabled despite the opinion of an examining doctor that she would be unable to work up to 30 percent of the time when her multiple sclerosis ("MS") was relapsing.

We review a Social Security case to "determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. (quotations omitted).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  Id. (quotations and alteration omitted).

The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the

---

[1]    The parties consented to the exercise of jurisdiction by a magistrate judge.

2

claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.  20 C.F.R. §§ 404.1527(c), 416.927(c).

The ALJ must give a treating physician's opinion "substantial or considerable weight unless 'good cause' is shown to the contrary."  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quotation omitted).  Good cause exists where the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  Id. at 1241.

Here, there is substantial evidence supporting the ALJ's conclusion that there was good cause to afford more weight to the opinion of Dr. Goren, a nonexamining board-certified neurologist, than to the opinions of Dr. Vernacchio and Dr. Kantor, who were Forsyth's treating physicians.  As explained by the ALJ and the magistrate judge, Vernacchio did not conduct a proper neurological exam of Forsyth, and Kantor relied too significantly on Forsyth's subjective reports.  Additionally, Kantor's own observations of Forsyth were materially inconsistent.  Goren had expertise in this field, had studied the entire record, and was subjected to questioning by the ALJ and Forsyth's attorney.  Given all of these facts, the

3

ALJ did not err by giving more credence to Goren's conclusions than to those of Vernacchio and Kantor. See Phillips, 357 F.3d at 1241.

While Vernacchio and Kantor both offered conclusory opinions that Forsyth was disabled and unable to work, the resolution of that issue is reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(d), 416.927(d). "A statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." Id. §§ 404.1527(d)(1), 416.927(d)(1).

Forsyth also claims that the ALJ erred by rejecting Dr. Chodosh's opinion that Forsyth would be unable to work up to 30 percent of the time when her MS was relapsing. Chodosh did not explain how he came to this conclusion, and his own examination of Forsyth revealed that she had normal motor function, strength, balance, and gait and that she was able to squat and rise. The ALJ did not err by concluding that Chodosh's opinion was not supported by his treatment records. See id. §§ 404.1527(c), 416.927(c); Phillips, 357 F.3d at 1241.

Accordingly, we affirm.

**AFFIRMED.**